UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICK BOLDEN                                                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 3:20-CV-54-KHJ-LGI

LM GENERAL INSURANCE
COMPANY AND JOHN DOES 1-10                                              DEFENDANTS

ORDER

Before the Court is Defendant LM General Insurance Company's (LM General) Motion to Bifurcate and Sever and to Stay Bad Faith and Extra-Contractual Claims [25]. For the reasons below, LM General's motion is granted in part and denied in part.

Plaintiff Patrick Bolden's claims stem from a car accident between Bolden and an unknown driver. Bolden seeks recovery from LM General under a policy issued to him for uninsured/underinsured motorist coverage, requesting compensatory and punitive damages for breach of contract, bad faith, and negligence.

LM General asks the Court to bifurcate and sever this case into two separate trials with two separate juries. LM General proposes that this Court first try Bolden's negligence claim involving the underlying car wreck and then separately try, with a different jury, the breach of contract, bad faith, and extra-contractual/punitive damages claims. Def. Memo. in Support of Motion [26-2].

Bolden does not object to bifurcating the trial into two phases but does object to bifurcating the proceedings into two separate trials. Memo. in Resp. to Mot. [35-3]. He also objects to severance and staying discovery on the bad faith claims.

LM General acknowledges that three earlier Southern District rulings in motorist bad faith cases have denied the relief it now seeks. *See Wallace v. Auto Prop. and Cas. Ins. Co.*, No. 3:11-cv-726-CWR-FKB, 2013 WL 12122001 (S.D. Miss. Jan. 10, 2013); *Bunch v. Metropolitan Cas. Ins. Co.*, No. 5:10-cv-104-DCB-JMR, 2010 WL 3120048 (S.D. Miss. Aug. 5, 2010); *Hibley v. Mathis*, No. 2:08cv275 KS-MTP, 2009 WL 765083 (S.D. Miss. Mar. 19, 2009). Nevertheless, LM General argues that Bolden's breach of contract, bad faith, and extra-contractual claims are separate and distinct from the underlying car wreck case and that the Court should bifurcate and sever to prevent prejudice, to promote judicial economy, and to avoid jury confusion. Def. Memo. in Support of Motion [26-9,10]. Bolden responds that bifurcation, severance, and a stay will not promote judicial economy and will prejudice Bolden. Memo. in Resp. to Mot. [35-3].

Although LM General directs the Court to Federal Rule of Civil Procedure 21, that rule is inapplicable here. Rule 21 deals with misjoinder and nonjoinder of parties. Given the relief LM General seeks, Federal Rule of Civil Procedure 42(b) provides LM General's avenue for relief and allows the Court to order separate trials on issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).

The Court is not persuaded that bifurcation, severance, or a stay of the claims is appropriate or necessary. There is no evidence that having two separate trials will lead to an expeditious or more economic resolution. The trial, however, should be phased in accordance with Mississippi Code § 11-1-65 on the claim for punitive damages. Thus, to the extent that LM General's motion seeks a phased trial, it should be granted. In all other respects, the motion is denied.

IT IS HEREBY ORDERED that LM General's Motion to Bifurcate and Sever Claims and to Stay Bad Faith and Extra-Contractual Claims [25] is GRANTED IN PART to the extent that it seeks a phased trial under Mississippi law on punitive damages and DENIED in all other respects.

SO ORDERED AND ADJUDGED this the 14th day of January, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
